UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81099-CIV-CANNON/Reinhart

D. P. *et al*.,

    Plaintiffs,

v.

SCHOOL BOARD OF PALM BEACH COUNTY *et al*.,

    Defendants.
_____/

### ORDER SETTING TRIAL, SETTING PRE-TRIAL DEADLINES, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS MATTER** is set for trial during the Court's two-week trial calendar beginning on **January 30, 2023 at 9:00 a.m**. Counsel for all parties shall appear at a calendar call at **1:45 p.m. on Tuesday, January 24, 2023**. No pretrial conference will be held unless a party requests one at a later date and the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted at the Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Courtroom 4008, Fort Pierce, Florida 34950. The parties shall adhere to the following schedule:

> **October 21, 2021**. The parties shall select a mediator pursuant to Local Rule 16.2, shall schedule a time, date and place for mediation, and shall **jointly** file a proposed notice scheduling mediation along with an attached proposed order scheduling mediation in the form specified on the Court's website, http://www.flsd.uscourts.gov. **The joint notice and the proposed order must indicate the time, date, and place for mediation, along with the name of the selected mediator**. **Mediation must take place in person.** If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Pursuant to the procedures outlined in the CM/ECF Administrative Procedures, the proposed order is to be emailed to cannon@flsd.uscourts.gov in Word format.

CASE NO. 21-81099-CIV-CANNON/Reinhart

**November 18, 2021**. The parties filed motions to amend pleadings or join additional parties.

**August 19, 2022**. The parties exchange expert witness summaries or reports.

**September 19, 2022**. The parties exchange rebuttal expert witness summaries or reports.

**September 19, 2022**. <u>**All**</u> discovery, including expert discovery, shall be completed.

**October 13, 2022**. The parties must have completed mediation and filed a mediation report. Within **five** (5) days of mediation, the parties are required to file a mediation report with the Court. The mediation report shall indicate whether the case settled (in full or in part), whether it was adjourned, or whether the mediator declared an impasse. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

**October 14, 2022**. The parties shall file all pre-trial motions, including motions for summary judgment, and *Daubert* motions. **Each party is limited to filing one *Daubert* motion**. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification. **The parties are directed to review the Court's procedure for the filing of summary judgment motions (set out below)**.

**December 27, 2022**. The parties shall file the following materials:

(1) a joint pre-trial stipulation pursuant to Local Rule 16.1(e);

(2) a joint exhibit list and a joint trial plan in accordance with the Court's templates available at https://www.flsd.uscourts.gov/content/judge-aileen-m-cannon (under "Civil Procedures" tab);

(3) individually filed witness lists and deposition designations (and objections thereto and counter designations);

(4) joint proposed jury instructions and verdict form in accordance with the instructions below [or proposed findings of fact and conclusions of law, as applicable]; and

(5) any motions *in limine* (other than *Daubert* motions). **Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

<u>**Jury Instructions and Verdict Form**</u>. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form in a **single**

**joint filing**. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. The parties shall submit, in Word format via e-mail to cannon@flsd.uscourts.gov, proposed jury instructions and verdict form, including substantive charges and defenses, prior to the calendar call. The parties' jury instructions should identify, as to each proposed jury instruction, whether the proposed language conforms to the Eleventh Circuit Pattern Jury Instructions. If a proposed instruction deviates from the Pattern Jury Instructions in any respect, such alteration should be made clear in the filing with a supporting explanation. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, the above-captioned cause is referred to United States Magistrate Judge Bruce E. Reinhart for appropriate disposition of all *pro hac vice* motions, motions to substitute counsel, and pretrial motions related to discovery. The undersigned also refers to Judge Reinhart the authority to permit an amendment to a pleading. If any party accepts the opportunity to amend a pleading from Judge Reinhart, the undersigned will deem any pending motion to dismiss (or motion to strike) the pleading as moot. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Bruce E. Reinhart. **The deadline for submitting a consent is October 14, 2022**. Any such consent must be joint among all parties.

**Good Faith Conferral**. For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a minimal e-mail exchange with

opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. Fla. L.R. 7.1.

**Discovery Disputes**. Prior to filing any discovery motion, counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall follow Magistrate Judge Reinhart's standard discovery procedures in bringing their dispute to the attention of the Court. Should the parties have any questions regarding the resolution of discovery issues, counsel should contact the chambers of Magistrate Judge Reinhart at (561) 514-3710.

**Summary Judgment**. In addition to filing a Statement of Material Facts as required under Local Rule 56.1(a)-(b), the parties also shall file a *Joint Statement of Undisputed Facts*, which must include all relevant facts about which there is no material dispute. **Each undisputed fact shall be numbered individually and separated by paragraph**. **It is imperative that each fact in a Statement of Material Facts (or in a response, reply, or joint statement) be accompanied**

**by a particularized pinpoint citation to material in the record pursuant to Local Rule 56.1(b)**. If the supporting material is not in the record, the materials shall be attached to the statement as exhibits specifically titled within the CM/ECF system, and reference to a previously filed exhibit shall use the "ECF No." format. All statements of material fact are limited to 10 pages, *see* Local Rule 56.1(b)(1)(A), and any requests for leave to include additional pages must be submitted to the Court for prior approval. The parties are reminded to consult Local Rule 56.1 to ensure compliance with the form and content of Statements of Material Fact.

**Trial Exhibits**. All trial exhibits must be pre-marked. The Plaintiffs' exhibits must be marked numerically with the letter "P" as a prefix; the Defendants' exhibits must be marked numerically with the letter "D" as a prefix. The parties must submit a list setting out all exhibits by the date of the calendar call. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit.

**Voir Dire Questions**. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation and must also be submitted to the Court, in Word format, via e-mail to cannon@flsd.uscourts.gov. The Court will begin voir dire by questioning the venire individually and as a whole and will permit limited attorney-directed voir dire thereafter. The Court will not permit the backstriking of jurors.

**Settlement Notification**. If this matter is settled, counsel shall inform the Court promptly via telephone (772-467-2340) and/or e-mail (cannon@flsd.uscourts.gov).

**Form of Filings**. All filings should be prepared using 12-point Times New Roman

CASE NO. 21-81099-CIV-CANNON/Reinhart

typeface that is double-spaced and fully justified. This Notice does not supplant the requirements and provisions of Local Rule 7.1(c).

**Joint Filings**. Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position. If conflicts of position exist, parties shall explain the conflicts in their separate motions.

**Duty to Comply**. Failure to comply with this or any order of this Court, the Local Rules, or any other applicable rule may result in appropriate sanctions, including dismissal without prejudice or the entry of a default, without further notice. It is the duty of all counsel and *pro se* litigants to enforce the timetable set forth in this Order to ensure an expeditious resolution of this cause.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of October 2021.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record