UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

D.P. et al.,                                  CASE NO.: 21-81099-CIV-CANNON

     Plaintiffs,

v.

SCHOOL BOARD OF PALM BEACH
COUNTY, et al.,

     Defendants.
_____/

**DEFENDANTS' RESPONSE TO
PLAINTIFF FL NAACP'S SUPPLEMENTAL BRIEF REGARDING STANDING**

Defendants hereby file their Response to Plaintiff Florida State Conference of the National Association for the Advancement of Colored People ("FL NAACP") Supplemental Brief Regarding Standing as follows:

**FL NAACP's Claims Against the Individual Defendants**

FL NAACP concedes in its Supplemental Brief that it lacks standing to assert claims against the individual Defendants. See FL NAACP's Supplemental Brief, DE #73 at p. 3 ("FL NAACP is not seeking to bring claims against the individual defendants and hence does not assert that it has standing to sue Officer Margolis or any other individual defendant"). Accordingly, as against all individual Defendants, FL NAACP's claims should be dismissed.

**FL NAACP's Claims Against the School Board**

Plaintiff FL NAACP is correct in its recitation of the legal standard to establish standing. However, Plaintiffs have failed, in their First Amended Complaint, to set forth sufficient allegations for associational standing. In the First Amended Complaint, the FL NAACP alleges in paragraph 33 that it has standing to bring this action on behalf of its individual members in families with children attending school in the School District of Palm Beach County

("SDPBC"). Plaintiff FL NAACP then alleges that black children, including those of FL NAACP members, are at a "disproportionate risk of being excluded from school, detained and involuntarily examined in a psychiatric facility due [to] their race and/or disability."

Under the tenets of associational standing, in this case, where the FL NAACP does not itself have a direct injury and thus, cannot establish standing on its own behalf, it must therefore rely on an injury to its members. Thus, the FL NAACP would need to establish (1) an injury; (2) that is "fairly traceable" to the defendants' conduct; and (3) that it is likely that the injury will be redressed by relief from the court. *See Support Working Animals, Inc. v. Governor of Florida*, 8 F.4th 1198 (11th Cir. 2021).

For associational standing, where the injury involved is a remedy for a past harm, the FL NAACP would be required to list at least one member who has been injured. *See Fla. State Conference of the N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1160 (11th Cir. 2008). This the FL NAACP has failed to do in the body of its First Amended Complaint, as it did not identify any of its members. FL NAACP has not sufficiently alleged that any of its members would have standing in their own right to assert a claim for the violation of the parents/childrens' rights. *See Granite State Outdoor Advert., Inc. v. City of Clearwater, Fla*, 351 F.3d 1112, 1116 ("An 'injury in fact' requires the plaintiff to show that he personally has suffered some actual or threatened injury. (citation and quotation omitted)); and *Warth v. Seldin*, 422 U.S. at 499 (A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Nor does the First Amended Complaint support associational standing for prospective injunctive relief. Here the injury is unlikely to be redressed by relief from the Court for the reasons set forth in Defendants' Motion to Dismiss (Docket #45), including immunity conferred by Fla.

Stat. 394.459(10). With an adequate remedy at law being an action for damages by an individual damaged, as set forth in Fla. Stat. 394.459(10), there is no basis for prospective injunctive relief that is based on pure speculation. Thus, there can be no associational standing premised upon a need for prospective injunctive relief in this case. As such, Defendants request that the Court enter its order dismissing the Plaintiff FL NAACP's First Amended Complaint for lack of standing.

Date: November 30, 2021                                                                 Respectfully submitted,


By:  */s/ Jon Erik Bell*
     Jon Erik Bell, Esq.
     Florida Bar No.: 328900
     THE SCHOOL BOARD OF PALM
     BEACH COUNTY, FLORIDA
     Shawntoyia Bernard, Esq.
     General Counsel
     3320 Forest Hill Blvd, C-331
     West Palm Beach, FL 33416-9239
     Tel: (561)434-8750
     Fax: (561)434-8105

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 30, 2021, the foregoing document served via email on all counsel or parties of record on the Service List below.

The School Board of Palm Beach County, Florida
Shawn Bernard, Esquire, General Counsel

By:  /s/ *J. Erik Bell*
Jon Erik Bell, Esq.
Florida Bar No. 328900
Laura Esterman Pincus, Esq.
Florida Bar No. 90018
Anna Patricia Morales, Esq.
Florida Bar No. 27634
Lisa Anne Carmona, Esq.
Florida Bar No. 843490
Melissa M. McCartney, Esq.
Florida Bar No. 11992
Office of General Counsel
3318 Forest Hill Boulevard, Suite C-331
West Palm Beach, Florida 33406
Tel: (561) 434-8500
Fax: (561) 434-8105
jon.bell@palmbeachschools.org
merrie.mckenziesewell@palmbeachschools.org

**SERVICE LIST:**
Ann Marie Cintron-Siegel
Disability Rights Florida
1930 Harrison Street
Suite 104
Hollywood, FL 33020
850-488-9071 x 9790
Fax: 850-488-8640
Email: anns@disabilityrightsflorida.org

Evian Lynn White
Southern Poverty Law Center
PO Box 12463
Miami, FL 33101
786-447-7755
Fax: 786-237-2949
Email: evian.whitedeleon@splcenter.org

Melissa Marie Duncan
Legal Aid Society of Palm Beach County
423 Fern Street
Suite 200
West Palm Beach, FL 33401
561-655-8944
Fax: 655-5269
Email: mduncan@legalaidpbc.org

Molly Jean Paris
Disability Rights Florida
1930 Harrison Street
Suite 104
Hollywood, FL 33020
305-788-9359
Email: mollyp@disabilityrightsflorida.org

Samuel Turner Silk Boyd
Southern Poverty Law Center
PO Box 12463
Miami, FL 33101
7865700737
Email: sam.boyd@splcenter.org

Shahar Vinayi Pasch
1806 Old Okeechobee Road
Suite B
West Palm Beach, FL 33409
561-599-7400
Email: shahar@paschlaw.com

Hannah Benton Eidsath
National Center for Youth Law
712 H Street NE, DPT #32020
Washington, DC 20002
202-868-4781
Email: hbenton@youthlaw.org

Jean Strout
National Center for Youth Law
1212 Broadway, Ste. 600
Oakland, CA 94612
510-835-8098
Email: jstrout@youthlaw.org

Joshua C. Toll

King & Spalding LLP
1700 Pennsylvania Ave. NW, Ste. 200
Washington, DC 20006
Email: jtoll@kslaw.com

Rachel Velcoff Hults
National Center for Youth Law
1212 Broadway, Ste. 600
Oakland, CA 94612
Email: rvelcoff@youthlaw.org

Bacardi L Jackson
Southern Poverty Law Center
PO Box 12463
Miami, FL 33101
786-570-8047
Fax: 786-237-2949
Email: bacardi.jackson@splcenter.org

Eric L. Stettin
WEISS SEROTA HELFMAN
 COLE & BIERMAN, P.L.
200 East Broward Blvd., Suite 1900
Fort Lauderdale, FL  33301
(954) 763-4242
Email: estettin@wsh-law.com

Charles M. Garabedian
WEISS SEROTA HELFMAN
 COLE & BIERMAN, P.L.
200 East Broward Blvd., Suite 1900
Fort Lauderdale, FL  33301
(954) 763-4242
Email: cgarabedian@wsh-law.com