UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-81099-CIV-CANNON

| | |
|---|---|
| D.P. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| SCHOOL BOARD OF PALM BEACH | ) |
| COUNTY, et al., | ) |
| | ) |
| Defendants | ) |
| _____/ | ) |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE CERTAIN EXHIBITS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

COMES NOW the Defendants, the School Board of Palm Beach County, Florida, Dr. Donald Fennoy, Chief Daniel Alexander, Officer Jose Cuellar, Officer Johnny Brown, and Officer Jordan Lauginiger (together "Defendants"), by and through undersigned counsel, and pursuant to S.D. Fla. R. 5.4, hereby move to file under seal select exhibits to depositions in support of Defendants' Motion for Summary Judgment, and in support thereof state as follows:

1) Defendants anticipate filing their Motion for Summary Judgment on February 24, 2023, and in support of their Motion, will file and refer to several depositions and exhibits to those depositions taken in the above-referenced matter. Those documents that contain personal identifiable information of students or their families, or are considered student educational records, or are documents that contain information that is otherwise legally exempt from disclosure are not appropriate for a public filing. It is this select group of documents that Defendants seek to file under seal.

2) The Plaintiffs are students and their parents/guardians, as well as Disability Right Florida, who challenge the appropriateness of D.P., W.B., E.S. and M.S.'s transportation from school to a mental health receiving facility for an evaluation as a result of mental health crises at school. Per the Courts' Orders, including the Confidentiality Order (Docket 78), Plaintiffs are identified by their initials in the depositions. However, Plaintiffs' educational records were produced unredacted and many of these documents were used as exhibits to depositions in this case. It is these confidential student education records that Defendants seek to file under seal.

3) As an educational institution, and current and former employees of an educational institution that receives funding from the U.S. Department of Education, Defendants must comply with the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. 1232g. FERPA protects the privacy of student educational records. There are only limited situations where an educational institution is permitted to disclose student records without the consent of a parent/guardian or eligible student (a student over the age of 18). Those limited situations are set forth in 34 CFR 99.31, and include allowing disclosure to school officials with a legitimate educational interest, allowing disclosure to other schools where a student is transferring, and other exceptions that do not apply to this litigation.

4) As set out in the regulations governing FERPA, a student's "personally identifiable information" is not just specific information about a student such as his or her name, but also "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 CFR § 99.3.

5) In addition, as part of the extensive document production process, certain School Police incident reports and internal affairs files were produced.  Although these documents were produced with student names and identifying information redacted if they did not involve the Plaintiffs, from the descriptions of the circumstances, the names of the schools, the names of the teachers or administrators involved, and the dates of the events, these documents could allow a member of the public to potentially identify the student(s) involved.  These documents are also considered confidential student education records, that Defendants also seek to file under seal.

6) Defendants seek an Order allowing them to file the following category of documents that contain personal identifying information, or are protected from disclosure under FERPA as student educational records:

   a) Individual Educational Plans ("IEPs");

   b) Exceptional Student Education ("ESE") forms and/or evaluations;

   c) Restraint and Seclusion Incident Reports;

   d) Suicide Risk Assessments;

   e) Statements/interviews during Internal Affairs investigations of School Police actions or omissions involving the student Plaintiffs or other student incidents;

   f) Email correspondence discussing the student Plaintiffs;

   g) Documents that contain information that could identify a student or their family members/guardians;

7) These documents are protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. 1232g, and should not be made available to the public in a public filing.  As such Defendants move for an order allowing these documents to be filed under seal.

8) Undersigned counsel for the Defendants have conferred with Plaintiffs' counsel regarding the instant motion and they do not oppose this filing. (See Local Rule 7.1(a)(3) Certificate below).

WHEREFORE, the Defendants respectfully request that the Court enter an Order authorizing the Defendants to file under seal those exhibits in support of Defendants' Motion for Summary Judgment that are protected from disclosure by FERPA (20 U.S.C. 1232g), and such further relief as it deems just and proper.

### Certificate Pursuant to Local Rule 7.1(a)(3)

Undersigned counsel for the Defendant conferred with Plaintiffs' counsel on February 22, 2022; and Plaintiffs do not oppose the instant motion.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 22, 2022, the foregoing document served via email on all counsel of record.

    The School Board of Palm Beach County, Florida
    Shawn Bernard, Esquire, General Counsel

    By:  /s/Sean Fahey
        Sean Fahey, Esq.
        Florida Bar No. 0101083
        Jon Erik Bell, Esq.
        Florida Bar No. 328900
        Laura Esterman Pincus, Esq.
        Florida Bar No. 90018
        Anna Patricia Morales, Esq.
        Florida Bar No. 27634
        Lisa Anne Carmona, Esq.
        Florida Bar No. 843490

Danielle Sherriff, Esq.
Florida Bar No. 60073
Office of General Counsel
3318 Forest Hill Boulevard, Suite C-331
West Palm Beach, Florida 33406
Tel: (561) 434-8500
Fax: (561) 434-8105
Sean.fahey@palmbeachschools.org
lesline.alexander@palmbeachschools.org

**SERVICE LIST:**
Ann Marie Cintron-Siegel
Disability Rights Florida
2400 East Commercial Blvd
Suite 525
Fort Lauderdale, FL 33308
850-617-9790
850-488-9071 x 9790
Fax: 850-617-6647
Email: anns@disabilityrightsflorida.org

Melissa Marie Duncan
Legal Aid Society of Palm Beach County
423 Fern Street
Suite 200
West Palm Beach, FL 33401
561-655-8944
Fax: 655-5269
Email: mduncan@legalaidpbc.org

Molly Jean Paris
Disability Rights Florida
1930 Harrison Street
Suite 104
Hollywood, FL 33020
305-788-9359
Email: mollyp@disabilityrightsflorida.org

Samuel Turner Silk Boyd
Southern Poverty Law Center
PO Box 12463
Miami, FL 33101
7865700737
Email: sam.boyd@splcenter.org

Shahar Vinayi Pasch

1806 Old Okeechobee Road
Suite B
West Palm Beach, FL 33409
561-599-7400
Email: shahar@paschlaw.com

Hannah Benton Eidsath
National Center for Youth Law
712 H Street NE, DPT #32020
Washington, DC 20002
202-868-4781
Email: hbenton@youthlaw.org

Jean Strout
National Center for Youth Law
1212 Broadway, Ste. 600
Oakland, CA 94612
510-835-8098
Email: jstrout@youthlaw.org

Joshua C. Toll
King & Spalding LLP
1700 Pennsylvania Ave. NW, Ste. 200
Washington, DC 20006
Email: jtoll@kslaw.com

Rachel Velcoff Hults
National Center for Youth Law
1212 Broadway, Ste. 600
Oakland, CA 94612
Email: rvelcoff@youthlaw.org

Bacardi L Jackson
Southern Poverty Law Center
PO Box 12463
Miami, FL 33101
786-570-8047
Fax: 786-237-2949
Email: bacardi.jackson@splcenter.org