UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

D.P. et al.,

    Plaintiffs,

v.

SCHOOL BOARD OF PALM BEACH COUNTY,

    Defendant.

_____/

CASE NO.: 21-81099-CIV-CANNON

## AMENDED JOINT AGREED MOTION WITH RESPECT TO PAGE LIMITATIONS FOR SUMMARY JUDGMENT MOTIONS AND STATEMENTS OF MATERIAL FACTS

Pursuant to this Court's Order (ECF No. 158, p. 2), Plaintiffs D.P., P.S., E.S., J.S., W.B., L.H., M.S., S.S., R.S., and Disability Rights Florida and Defendant School Board of Palm Beach County (together "Parties") file this amended joint agreed motion with respect to page limitations for their forthcoming summary judgment motions (oppositions and replies) and statements of material facts (response statement, reply statement, and joint statement of undisputed facts). This motion is amended to reflect a shorter request for Defendant's Statement of Material Facts, and that the Parties are now in agreement on all requested page limits herein.

1. The pending claims in this case concern four incidents in which students in Palm Beach County schools were taken into custody by law enforcement officers for delivery to a receiving facility for examination under Florida's Baker Act. *See* § 394.463(2)(a)2, Fla. Stat.

2. Plaintiffs are four individual students who were taken into custody (D.P., E.S., W.B., and M.S.), three of the students' parents or guardians (P.S., J.S., and L.H.), and an organizational plaintiff (Disability Rights Florida). Plaintiffs bring 17 counts, asserting various statutory and constitutional claims and seeking various forms of relief. Plaintiffs allege discrimination in

violation of (1) Title II of the Americans with Disabilities Act, (2) Section 504 of the Rehabilitation Act, and (3) the Florida Educational Equity Act (Counts 1 through 6). There are also constitutional claims under 42 U.S.C. § 1983 relating to (1) violation of procedural due process rights of the parents under the Fourteenth Amendment, (2) violation of students' rights to be free from unreasonable seizures under the Fourth and Fourteenth Amendments, and (3) excessive force against students under the Fourth and Fourteenth Amendments (Counts 7 through 17).

3. Discovery in the case was extensive. Approximately seventy (70) depositions were taken, for a total of well over 300 hours. Over 16,000 documents were exchanged during discovery.

4. The nature of Plaintiffs' claims requires detailed factual statements about the specific incidents at issue, historical and contextual facts about the Plaintiffs, and historical and contextual facts about the School Board.

5. The Parties respectfully submit that the page limits for the summary judgment motions (oppositions and replies) and statements of material facts (response statement, reply statement, and joint statement of undisputed facts) require a larger length than permitted under the rules due to the sheer number of parties and claims in this case.

6. The Parties respectfully request that in order to adequately address this number of litigants and the claims, that that they be permitted to exceed the pages permitted under the Local Rules.

7. The Parties have conferred and agreed upon a Joint Statement of Undisputed Facts that is twenty-four (24) pages.

8. The Parties have conferred and agreed upon the following extensions regarding Plaintiffs' motion for summary judgment:

    a) Plaintiffs do not request an extension of the limits in Local Rule 56.1(b)(1) for their Statement of Material Facts.

    b) Plaintiffs request an extension of pages for their motion for summary judgment and incorporated memorandum of law to fifty (50) pages.

    c) Defendant does not request an extension of the limits in Local Rule 56.1(b)(2) for its Opponent's Statement of Material Facts.

    d) Defendant requests a commensurate extension of its opposing memorandum of law to match the length of Plaintiffs' motion and memorandum, either 50 pages or the length approved by the Court.

    e) Plaintiffs do not request an extension of the limits in Local Rule 56.1(b)(3) for their Reply Statement of Material Facts.

    f) Plaintiffs request an extension of pages for their reply in support of their motion for summary judgment and incorporated memorandum of law to twenty-five (25) pages or half the length approved by the Court for Plaintiffs' motion and incorporated memorandum.

9. The Parties have conferred and agreed upon the following extensions regarding Defendant's motion for summary judgment:

    a) Defendant requests an extension of the limit in Local Rule 56.1(b)(1) for its Statement of Material Facts to twenty-eight (28) pages.

    b) Defendant requests an extension of pages for its motion for summary judgment and incorporated memorandum of law to eighty (80) pages.

    c) Plaintiff requests an extension of the limits in Local Rule 56.1(b)(2) for its Opponent's Statement of Material Facts to one and a half times the amount approved by the Court for Defendant's Statement of Material Facts.

d) Plaintiffs request a commensurate extension of their opposing memorandum of law to match the length of Defendant's motion and memorandum, either 80 pages or the length approved by the Court.

e) Defendant requests an extension of the limits in Local Rule 56.1(b)(3) for its Reply Statement of Material Facts, to the extent necessary, to match the length of Plaintiffs' Additional Facts under Local Rule 56.1(b)(2)(D).

f) Defendant requests an extension of pages for its reply in support of its motion for summary judgment and incorporated memorandum of law to forty (40) pages or half the length approved by the Court for Defendant's motion and incorporated memorandum.

WHEREFORE, the Parties respectfully request that this Honorable Court grant their amended joint agreed motion and extend the page limitations as set forth above.

Dated this 17th day of May, 2023.

<div style="column-count: 2;">

For The School Board of Palm Beach County, Florida
Shawn Bernard, Esquire, General Counsel,

/s/ Sean Fahey
Jon Erik Bell, Esq.
Florida Bar No. 328900
Laura Esterman Pincus, Esq.
Florida Bar No. 90018
Anna Patricia Morales, Esq.
Florida Bar No. 27634
Lisa Anne Carmona, Esq.
Florida Bar No. 843490
Sean Fahey, Esq.
Florida Bar No. 0101083
Office of General Counsel
3318 Forest Hill Boulevard, Suite C-331
West Palm Beach, Florida 33406
Tel: (561) 434-8500
Fax: (561) 434-8105
jon.bell@palmbeachschools.org
merrie.mckenziesewell@palmbeachschools.org

For Plaintiffs,

/s/ Sam Boyd

BACARDI JACKSON (Florida Bar No. 47728)
SAM BOYD (Florida Bar No. 1012141)
CARLI SEAN RABEN (Florida Bar No. 1036013)
Southern Poverty Law Center
P.O. Box 12463
Miami, FL 33101
Tel: 786-347-2056
Fax: 786-237-2949
bacardi.jackson@splcenter.org
sam.boyd@splcenter.org
carli.raben@splencter.org

ANN MARIE CINTRON-SIEGEL (Florida Bar No. 166431)
MOLLY J. PARIS (Florida Bar No. 90486)
Disability Rights Florida, Inc.
1930 Harrison St. Ste. 104
Hollywood, FL 33020
Tel: 800-342-0823
Fax: 850-617-6647
anns@disabilityrightsflorida.org
mollyp@disabilityrightsflorida.org

SHAHAR PASCH (Florida Bar No. 580971)
Pasch Law Group
1806 Old Okeechobee Road, Suite B
West Palm Beach, FL 33409
Tel: 561-599-7400
Fax: 561-258-8243
shahar@paschlaw.com

MELISSA DUNCAN (Florida Bar No. 796921)
Legal Aid Society of Palm Beach County, Inc.
423 Fern St., Ste. 200
West Palm Beach, FL 33401-5839
Tel: 561-655-8944
Fax: 561-655-5269
mduncan@legalaidpbc.org

HANNAH BENTON EIDSATH (admitted pro hac vice)

</div>

5

NINA MONFREDO (admitted pro hac vice)
National Center for Youth Law
712 H Street NE, DPT #32020
Washington, D.C. 20002
Tel: 510-899-6559
Fax: 510-380-7603
hbenton@youthlaw.org
nmonfredo@youthlaw.org

JEAN STROUT (admitted pro hac vice)
RACHEL VELCOFF HULTS (admitted pro hac vice)
National Center for Youth Law
1212 Broadway, Ste. 600
Oakland, CA 94612
Tel: 510-835-8098
Fax: 510-835-8099
jstrout@youthlaw.org
rvelcoff@youthlaw.org

JOSHUA C. TOLL (admitted pro hac vice)
King & Spalding LLP
1700 Pennsylvania Ave. NW, Ste. 200
Washington, D.C. 20006
Tel: 202-737-8616
Fax: 202-626-3737
jtoll@kslaw.com