UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81099-CIV-CANNON/Reinhart

**D. P. et al.**,

    Plaintiffs,

v.

**SCHOOL BOARD OF PALM BEACH COUNTY**,

    Defendant.
_____/

### ORDER DISMISSING REMAINING CLAIMS FOR LACK OF JURISDICTION AND CLOSING CASE

**THIS CAUSE** comes before the Court upon the Notices of Acceptance of Defendant's Rule 68 Offers of Judgment (the "Notices") [ECF Nos. 203, 204, 205, 206] and attached Offers of Judgment [ECF No. 203-1, 204-1, 205-1, 206-1] filed by Plaintiffs W.B., L.H., D.P., P.S., M.S., R.S., S.S., E.S., and J.S. *See* Fed. R. Civ. P. 68.

Following the Notices and the Court's entry of Final Judgment as to those specific Plaintiffs [ECF Nos. 208–209], there remains only one Plaintiff in this case: Disability Rights Florida ("DRF"), an independent, non-profit corporation that acts as "Florida's Protection and Advocacy System" [ECF No. 150 ¶¶ 22–27]. DRF brings Counts 1, 2, and 5 pertaining to claims of discrimination against minors with disabilities and failure to accommodate minors with disabilities under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act [ECF No. 150 ¶¶ 223–38, 255–60]. DRF also brings Counts 9 and 13 pertaining to claims of excessive force and unreasonable seizure under the Fourth and Fourteenth Amendments [ECF No. 150 ¶¶ 288–96, 332–38]. To remedy such claims, DRF requests broad declaratory and injunctive relief, essentially asking the Court to make substantive revisions to Palm Beach County's policies

regarding the Baker Act, Fla. Stat. §§ 394.451-47892 [ECF No. 150 ¶¶ 391 (seeking declaratory relief that Defendant's "policies, practices, and procedures regarding use of the Baker Act violate the rights of Plaintiffs as set forth above in this Second Amended Complaint" along with a prospective injunction requiring discontinuation of "all actions, policies, and procedures that do not comply with the laws cited above in this complaint" and broad-based amendment of Defendant's policies vis-à-vis the Baker Act, record keeping, disclosure of data, reviews of Baker Act examinations, establishment of Baker Act committee, implementation of "improved practices as recommended by experts" and continued "monitoring and evaluation by experts" in various areas, appointment of a compliance monitor, and continued jurisdiction)].

Upon review of the Second Amended Complaint, and for the reasons set forth below and discussed in open Court on June 30, 2023, the Court hereby **DISMISSES** the remaining claims brought by Plaintiff DRF in the Second Amended Complaint (Counts 1, 2, 5, 9, and 13) for lack of Article III standing.

Accepting that DRF possesses associational standing to sue on behalf of its members or constituents in the general sense, *see Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977); *Doe v. Stincer*, 175 F.3d 879, 882 (11th Cir. 1999), DRF is not relieved from the requirement to demonstrate Article III standing on the remaining claims in this case. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (explaining that to satisfy Article III standing, a plaintiff "must have suffered an injury in fact" that is "actual and imminent" as opposed to hypothetical; "there must be a causal connection between the injury and the conduct complained of"; and "it must be likely . . . that the injury will be redressed by a favorable decision" (cleaned up)).

At this juncture, in light of the accepted offers of judgment as to all individual Plaintiffs, the record does not support a showing of concrete, non-speculative, demonstrable injury to be

redressed by the Court as to DRF. As the posture of this case rests today, in the absence of any dispute of injury by the individual Plaintiffs (W.B., L.H., D.P., P.S., M.S., R.S., S.S., E.S., and J.S.), what is left is DRF's broad request for sweeping policy changes in favor of DRF's constituents, which is inappropriate due to the absence of a concrete, particularized, and non-speculative injury. *Cf. Hollingsworth v. Perry*, 570 U.S. 693, 700, 707 (explaining that "it is not enough that the party invoking the power of the court have a keen interest in the issue," because, no matter "how zealous their advocacy," plaintiffs still must make allegations of "a concrete and particularized injury" to satisfy Article III standing). Plaintiff DRF essentially acknowledged at the June 30, 2023, hearing [ECF No. 207], that the record in its current form does not support a particularized, concrete injury as to DRF to be redressed by the Court in the context of the Second Amended Complaint as pled. Nor is the Court persuaded that supplemental briefing is the answer; a justiciable case or controversy is required at all times for the Court to exercise judicial power under Article III. Although DRF might at some future point be able to articulate and/or to establish such an injury so to achieve its desired policy goals, neither the Second Amended Complaint nor the record as a whole sets forth an actual, concrete harm as to DRF that would be remedied by the relief requested by DRF. The injury requirement "is an essential limit on [a federal court's] power: It ensures that we act *as judges*, and do not engage in policymaking." *Id.* at 700 (emphasis in original).

\*\*\*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The remaining counts in the Second Amended Complaint brought by Plaintiff Disability Rights Florida [ECF No. 150] are **DISMISSED FOR LACK OF JURISDICTION**.

2. The Clerk shall **CLOSE** this case.

3. Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of July 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record